2005 OK 19

STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

Timothy Harry HUBBARD, Respondent.

No. SCBD 5000.

Supreme Court of Oklahoma.

March 22, 2005.

¶0 **ORDER APPROVING RESIGNATION FROM THE OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS.**

¶1 Before this Court is an affidavit filed by Timothy Harry Hubbard pursuant to Rules 8.1 and 8.2, Rules Governing Disciplinary Proceedings, 5 O.S.2001 Ch. 1, App. 1–A, requesting that he be allowed to resign his membership in the Oklahoma Bar Association and relinquish his right to practice law.

Complainant Oklahoma Bar Association has filed an Application for Order Approving Resignation Pending Disciplinary Proceedings.

¶2 **UPON CONSIDERATION OF THE MATTER WE FIND:**

1) Respondent, Timothy Harry Hubbard, executed the affidavit required by Rule 8.1, R.G.D.P. on March 1, 2005.

2) The affiant is a member of the Oklahoma Bar Association, with an official roster address of 410 West Main Street, Oklahoma City, OK 73102.

3) Respondent's affidavit states that his resignation is freely and voluntarily tendered, that he is not acting under coercion or duress and that he is fully aware of the consequences of submitting his resignation.

4) Respondent recites that he is aware that there are presently pending investigations into allegations that grounds for discipline exist and that said grounds include competency as an attorney and failure to turn over monies allegedly belonging to clients.

5) The Application for Order Approving Resignation filed by the Oklahoma Bar Association recites that the allegations of pending investigations referred to in Respondent's affidavit are the following:

a) DC 05–003, a grievance filed by Lincoln Whitaker alleging that Respondent filed suit on Whitaker's behalf and obtained a favorable settlement for Whitaker. As part of the settlement, the opposing party made monthly payments to Respondent, who forwarded the funds to Whitaker. Respondent forwarded some of the funds to Whitaker, but thereafter could not account for some of the funds forwarded to him but not forwarded to Whitaker.

b) DC 04–391, a grievance filed by Christina Luther alleging that Respondent defended Luther in a debt-collection action. Respondent failed to properly communicate with Luther and a judgment and garnishment were entered against Hubbard (sic) without Luther's knowledge.

c) DC 04–242, a grievance filed by Rusty Stone alleging that Respondent represented Stone in an action against Big Red Sports and Imports. Respondent's fee was $1500.00, which Stone paid. Respondent obtained a favorable settlement on Stone's behalf in July, 2004 for $11,000. Respondent received a check from Big Red for the settlement. To this date, Respondent has not paid Stone his portion of the settlement, and refuses to do so.

6) Respondent recognizes and agrees that he may not make application for reinstatement to membership in the Oklahoma Bar Association prior to expiration of five years from the effective date of the resignation.

7) Respondent acknowledges and agrees that he may be reinstated to the practice of law only upon full compliance with the conditions and procedures prescribed by the Rules Governing Disciplinary Proceedings and any other rules that may apply to such reinstatement.

8) The Affidavit executed by Respondent is in substantial compliance with Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S. Ch. 1, App. 1–A.

9) The resignation pending disciplinary proceedings should be approved.

¶3 **IT IS THEREFORE ORDERED THAT** Complainant's Application for Order Approving Resignation and Respondent's resignation pending disciplinary proceedings are approved.

¶4 **IT IS FURTHER ORDERED THAT** the Respondent's name be stricken from the Roll of Attorneys, and that he may make no application for reinstatement to membership in the Oklahoma Bar Association prior to the lapse of five (5) years from the effective date of this Order, and in applying for reinstatement, the Respondent must show that any funds of the Client Security Fund of the Oklahoma Bar Association expended as a result of his alleged misconduct have been repaid and the amount thereof.

¶5 **IT IS FURTHER ORDERED THAT** Respondent comply with Rule 9.1 .of the Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1A.

¶6 **DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 21st DAY OF MARCH, 2005.**

/s/Joseph M. Watt
CHIEF JUSTICE

¶7 **All Justices Concur.**